IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KAINE WILLIAM HANSON,<br><br>Defendant. | CR 10-84-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I.  Synopsis

The United States of America accused Mr. Hanson of violating his conditions of supervised release by providing a urine sample that tested positive for methamphetamine and by failing to reside in a Residential Reentry Center. Mr. Hanson admitted to the violations. The Court should revoke Mr. Hanson's supervised release and sentence him to nine months of incarceration with no supervised release to follow.

1

## II. Status

In January 2011, Mr. Hanson pleaded guilty to Possession of a Stolen Firearm. United States District Court Judge Sam E. Haddon sentenced Mr. Hanson to forty-five months of incarceration, followed by 36 months of supervised release. (Doc. 20.) He began his first period of supervised release on January 11, 2014. (Doc. 25.)

In April 2014, the Court revoked Mr. Hanson's supervised release because he violated its conditions by using a controlled substance and failing to participate in substance abuse testing. The Court sentenced him to 12 months and one day of custody and 24 months of supervised release to follow. (Doc. 38.) He began his second term of supervised release on March 20, 2015. (Doc. 41.)

On April 13, 2015, the United States Probation Office submitted a Report of Offender under Supervision, notifying the Court that Mr. Hanson had used Suboxone and Klonopin and had attempted to adulterate his urine sample. (Doc. 40.) In August 2015, the Court revoked Mr. Hanson's supervised release because he violated its conditions by failing to notify his probation officer prior to a change in residence, failing to report to his probation officer as directed, and failing to participate in substance abuse testing. The Court sentenced him to six months of custody, with sixteen months of supervised release. (Doc. 51.) His third term of

supervision began on February 3, 2016. (Doc. 54.)

On March 1, 2016, the United States Probation Office filed a petition asking the Court to revoke Mr. Hanson's supervised release because he failed to notify his probation officer within 72 hours of his release from custody; committed a new crime; used methamphetamine, marijuana, and Klonopin; failed to notify his probation officer at least ten days prior to a change in residence; and used alcohol. (Doc. 54.) The Court sentenced Mr. Hanson to four months in custody followed by twelve months of supervised release. (Doc. 69.) His current term of supervised release began on August 22, 2016.

**Petition**

On September 27, 2016, the United States Probation Office filed a Petition for Warrant for Offender Under Supervision alleging Mr. Hanson violated the conditions of his supervised release by providing a urine sample that tested positive for methamphetamine and by failing to reside in a Residential Reentry Center.

**Initial appearance**

Mr. Hanson appeared before the undersigned on September 29, 2016, in Great Falls, Montana. Federal Defender Hank Branom accompanied him. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Hanson said he had read the petition and understood the allegations. Mr. Hanson waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Hanson appeared admitted to violating the conditions of his supervised release providing a urine sample that tested positive for methamphetamine and by failing to reside in a Residential Reentry Center. The violations are serious and warrant revocation of Mr. Hanson's supervised release.

Mr. Hanson's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. The United States Sentencing Guidelines call for seven to thirteen months in custody.

Mr. Branom recommended a sentence at the low-end of the guidelines with no supervised release to follow. Mr. Weldon recommended a sentence of twelve months with no supervised release to follow.

### III. Analysis

Mr. Hanson's supervised release should be revoked because he admitted violating its conditions. Mr. Hanson should be sentenced to nine months of incarceration, with no supervised release to follow. This sentence would be

sufficient given the seriousness of the violations but not greater than necessary.

## IV. Conclusion

Mr. Hanson was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Hanson's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Hanson's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Mr. Hanson violated the conditions of his supervised release by providing a urine sample that tested positive for methamphetamine and by failing to reside in a Residential Reentry Center.

The undersigned **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Hanson's supervised release and committing Mr. Hanson to the custody of the Bureau of Prisons for nine months, with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 3rd day of October, 2016.

John Johnston
United States Magistrate Judge